**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:24-cr-167- |
| | § | ALM-BD-1 |
| JAMES HARLAN LYNN | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant James Harlan Lynn's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 18, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer. The Government was represented by Eric Erlandson.

Defendant was sentenced on January 27, 2014, before The Honorable David C. Godbey of the Northern District of Texas after pleading guilty to the offense of Possession of an Unregistered Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was 168 to 210 months; however, since the statutorily authorized maximum sentence of 10 years is less than the minimum of the applicable guideline range, the guideline imprisonment term becomes 120 months, USSG §5G1.1(a). Defendant was subsequently sentenced to 96 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include $275 restitution, $100 special assessment, substance use treatment, cognitive behavioral program participation, workforce development participation, and prohibited self-employment. On April 14, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On January 12, 2024, a Petition for Warrant for Offender Under Supervision was executed in the Northern District of Texas-Dallas Division. On February 12, 2024, a revocation hearing was conducted regarding violations of technical conditions, and Defendant was released from custody and allowed to continue supervision.

On August 19, 2024, jurisdiction of this case was transferred to the Eastern District of Texas and was reassigned to Chief U.S. District Judge Amos L. Mazzant, III.

On February 3, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state or local crime; (2) (mandatory) Defendant shall not commit another federal, state or local crime; (3) (mandatory) Defendant shall not commit another federal, state or local crime; (4) (standard) Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer; (5) (special) Defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. If Defendant is receiving treatment, Defendant may not use alcohol and/or all other intoxicants at any time (Dkt. #2 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On October 6, 2025, the McKinney Police Department received a report of Theft, as the victim G.G., reported his trailer was stolen from the property in which it was stored in McKinney, Texas. Mr. G.G. reported the trailer was taken without his consent between October 4, and October 6, 2025. Video surveillance at the property was later viewed and identified a vehicle matching the description of Defendant's vehicle. Based upon the property contents within the trailer and the cost of the trailer, Defendant

was charged with Theft of Property $30k- $150k Enhanced. On December 2, 2025, the Prosper Police Department was advised that Defendant informed a detective with the McKinney, Texas Police Department that he "heard" the location of where the stolen trailer was located. Per Defendant's information, the trailer was located and recovered from a field in Prosper, Texas. The owner of the property reported the abandoned trailer to the Prosper Police Department on November 5, 2025. On December 24, 2025, Defendant was arrested by the McKinney, Texas Police Department on the outstanding warrant for the aforementioned offense. At the time of the execution of the Petition for Warrant or Summons for Offender Under Supervision, a court date had not yet been scheduled; Defendant remained free on bond at that time as well; (2) Per Collin County Indictment, Cause No. 401-86097- 2025, on September 17, 2025, Defendant committed the offense of Theft of Property $2,500- $30k Enhanced. The Indictment alleges that within Collin County, Texas, Defendant unlawfully acquired the seats, center console, toolbox, tools, battery, and taillights from the interior of a vehicle, valuing over $9,000. The vehicle is owned by victim J.W. Mr. J.W. did not consent to Defendant taking his property. At the time of the execution of the Petition for Warrant or Summons for Offender Under Supervision, a court date had not yet been set in this matter, but Defendant's original bond was revoked due to failure to appear for a court date. As a result of the bond forfeiture, Defendant was arrested on December 15, 2025. A cash bond was ordered and later posted for Defendant.  Defendant was subsequently released from custody and remained free on bond at the time of the execution of the Petition for Warrant or Summons for Offender Under Supervision; (3) On August 23, 2024, Defendant was arrested by the McKinney, Texas Police Department for committing the offenses of Theft-Shoplifting, Display Fictitious Motor Vehicle Registration and Wrong, Fictitious, Altered or Obscured License Plate. Defendant was transported to the Collin County Detention Center, McKinney, Texas, where he

posted bond and was released from custody on August 24, 2024. Per the offense report, Defendant is alleged to have stolen two pairs of socks from a Walmart store, as well as was in possession of a 2016 Hyundai Sonata, which displayed both a fictitious vehicle registration and license plates. These charges have now been adjudicated in the Collin County Courts. The offense of Theft of Property (Shoplifting)-Enhanced, Cause No. 296-85437-2024, was disposed of on March 28, 2025, as Defendant pled guilty and was sentenced to one day confinement and credited with time served. The offense of Fictitious Vehicle Registration, Cause No. 005-87597-2024, was dismissed on March 27, 2025; (4) On July 11, 2024, the probation officer instructed Defendant to submit an online monthly report each month between the first and fifth day of the month. During the months of August, September, October, and November 2024; and April, July, and August 2025, Defendant failed to submit his online monthly reports as instructed. On August 27, 2024, Defendant was instructed to report to the U.S. Probation Office on August 29, 2024, at 8:00am. Defendant failed to report as instructed, as he arrived at the U.S. Probation Office approximately one-and-a-half hours late. On September 3, 2025, the probation officer called and left a voicemail instructing Defendant to report to the U.S. Probation Office on September 4, 2025. Defendant failed to report as instructed. On September 6, 2025, the probation officer left a letter at Defendant's front door of his residence, as response to the door was not received, instructing him to report to the U.S. Probation Office on September 11, 2025, at 8:30am. Defendant failed to report as instructed, as he did not report until 1:00pm, on September 11, 2025; (5) On October 29, 2024, Defendant failed to attend his substance use treatment counseling session at NOC Clinical Counseling, McKinney, Texas. Defendant advised the wind conditions would not allow him safe arrival on his motorcycle. Defendant's counseling session was rescheduled for November 2, 2024; he again failed to report and attend as instructed. On November 12, 2024, Defendant failed to report as instructed for urine

4

testing and collection at NOC Clinical Counseling, McKinney, Texas. Defendant informed the probation officer that he was busy and forgot to attend (Dkt. #2 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1) and (2). Defendant entered a plea of true to allegations (3), (4), and (5) of the Petition. Having considered the Petition and the plea of true to allegations (3), (4), and (5), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of thirteen (13) months, with no term of supervised release to follow.

The court further recommends that the court grant the Government's motion to dismiss allegations 1 and 2.

The court finally recommends that Defendant be housed in a Bureau of Prisons medical facility in Fort Worth, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 21st day of March, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE